**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JEAN BERNARD GERMAIN | : | |
| Plaintiff | : | |
| v | : | Civil Action No. JFM-06-2913 |
| MAJOR THOMPSON, *et al.* | : | |
| Defendants | : | |

o0o

**MEMORANDUM**

Pending in the above-captioned civil rights case is defendants' motion to dismiss or for summary judgment. Paper No. 16. Plaintiff has opposed the motion. Papers No. 21 and 22. Upon review of the documents filed, the court finds a hearing in this matter unnecessary. *See* Local Rule 105.6. For the reasons that follow, defendants' motion, construed as a motion for summary judgment, will be granted.

**Background**

Plaintiff alleges that on September 6, 2006, he was removed from his cell and escorted to the prison segregation unit by Major Thompson, Lt. Thomas and Lt. Harris. Paper No. 1 at p. 5. He claims: he was not allowed to keep any of his property with him; he was placed in a cold, filthy and unsanitary cell; and he was wearing only tennis shoes, a pair of shorts and a t-shirt. *Id*. He states he was left in the cell without his property until September 8, 2006, when he demanded to see the officer in charge.[1] *Id*. Sergeant Wilson, the officer in charge, brought plaintiff a mattress without sheets or blankets, a pair of boxer shorts, a laundry bag, a towel, a wash cloth, a bar of soap, a half tube of toothpaste and half of a container of grease. *Id*. Although plaintiff was allegedly told the

---

[1] Plaintiff resorted to holding the feed up slot open during the distribution of lunch in order to be seen by the officer in charge.

property being provided was to hold him over until he received his "lock-up bag," he claims he never received the rest of his property. *Id*. at pp. 5– 6. He states he suffered extreme cold, sleepless nights, and was unable to continue work on a post-conviction petition. *Id*. at p. 6. He states he was in contact with an attorney who had sent him forms to fill out for purposes of representation in the post-conviction case, but was not permitted access to those forms. In addition he claimed he was not permitted to read the Quran during the month of Ramadan. *Id*. He alleges that, as a Muslim, he is required to pray five times a day and he must cover his body while praying. *Id*. In particular, he is required to cover the area between his navel and his knees during prayer, but he was prevented from doing so because he was only provided with shorts. *Id*. Plaintiff also claims that the failure to provide him with a prayer rug required him to kneel on the hard floor which hurt his knees and made his face break out. *Id*.

Plaintiff asserts that: his assignment to segregation violated of due process; denial of access to religious books and legal papers violated his First Amendment rights; failure to accommodate his religious practices violated the Federal Religious Land Use and Institutionalized Persons Act (RLUIPA); and denial of basic necessities violated his Eighth Amendment rights. Paper No. 1 at p. 7. Plaintiff's supplement to the complaint adds a claim that he was never adequately informed of the charges pending against him[2] and the failure to provide him with available "lock-up property" violated his Eighth Amendment rights. Paper No. 4.

Defendants deny these allegation and also assert that plaintiff failed to exhaust his administrative remedies, thus precluding judicial examination of the merits of his claims.

---

[2] According to the Notice of Infraction issued on September 6, 2006, and served on plaintiff the same day, plaintiff was charged with indecent exposure and masturbation. Paper No. 16 at Ex. 1. Plaintiff was observed standing in the middle of his cell nude, masturbating. *Id*. He was escorted to segregation shortly after he was observed by the officer.

**Standard of Review**

A motion for summary judgment will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, if there clearly exist factual issues "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," then summary judgment is inappropriate. *Anderson*, 477 U.S. at 250; *see also Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987); *Morrison v. Nissan Motor Co.*, 601 F.2d 139, 141 (4th Cir. 1979); *Stevens v. Howard D. Johnson Co.*, 181 F.2d 390, 394 (4th Cir. 1950). The moving party bears the burden of showing that there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pulliam*, 810 F.2d at 1286 (citing *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

When ruling on a motion for summary judgment, the court must draw all reasonable inferences in favor of and construe the facts in the light most favorable to the non-moving party. *See Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 437 (4th Cir. 1998). A party who bears the burden of proof on a particular claim must factually support each element of his or her claim. "[A] complete failure of proof concerning an essential element . . . necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Thus, on those issues on which the nonmoving party will have the burden of proof, it is his or her responsibility to confront the motion for summary judgment with an affidavit or other similar evidence. *See Anderson*, 477 U.S. at 256.

In *Celotex*, the Supreme Court stated:

> In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment

> motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Such a motion, whether or not accompanied by affidavits, will be "made and supported as provided in this rule," and Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial."

*Celotex*, 477 U.S. at 324. However, "'a mere scintilla of evidence is not enough to create a fact issue.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 958-59 (4th Cir. 1984) (quoting *Seago v. North Carolina Theatres, Inc.*, 42 F.R.D. 627, 632 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). There must be "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted).

The Prisoner Litigation Reform Act provides, in pertinent part:

> (a) Applicability of administrative remedies:
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e.

As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. It is of no consequence that plaintiff is aggrieved by a single occurrence, as opposed to a general conditions of confinement claim. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (no distinction is made with respect to exhaustion requirement between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct). The argument that pursuit of administrative remedies would be futile to the case is, also, of no consequence. *See Booth v. Churner*, 532 U.S. 731, 741

4

(2001) (exhaustion is required regardless of the fact that the relief sought is unavailable through the administrative remedy procedure). Prior to the passage of the PLRA, this Court was permitted to stay a prisoner case while administrative remedies were being exhausted. That option, however, is no longer available. "The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Nussle*, 534 U.S. at 524.

### Analysis

"[A]n inmate's failure to exhaust his administrative remedies must be viewed as an affirmative defense that should be pleaded or otherwise properly raised by the defendant." *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F. 3d 674, 681 (4th Cir. 2005). Defendants in the instant case claim plaintiff has not properly exhausted any of the claims raised in the complaint. They allege the claims pertaining to deprivation of plaintiff's property and the disciplinary action against him are pending before the Inmate Grievance Office, while his claim concerning conditions of his cell were never raised. Paper No. 16 at pp. 5–6. In rebuttal, plaintiff provides three identical affidavits signed by other inmates, attesting to the futility of the administrative remedy procedure and claiming in general terms that prison staff intentionally thwart inmates' efforts to file administrative complaints. Paper No. 22. In addition, plaintiff claims the regulations governing the administrative remedy procedure were not adopted in accordance with Maryland law, citing *Massey v. Secretary*, 289 Md. 496, 886 A. 2d 585. (2005), in support of his position that the administrative remedy procedure is not enforceable or mandatory. *See* Paper No. 21 at p. 6.

Notwithstanding the state court's decision regarding the administrative remedy procedure regulations, plaintiff is required by the PLRA to exhaust available administrative remedies. To the

5

extent he has already availed himself of administrative remedies and a hearing on the merits is pending, the complaint regarding those allegations must be dismissed without prejudice. The general allegations concerning staff efforts to thwart use of the administrative remedy procedure provides no basis to excuse any attempt to exhaust the remaining issues concerning conditions of confinement.  There is no assertion that anyone interfered with plaintiff's attempts to address his conditions claim through the administrative remedy procedure.  Moreover, plaintiff does not deny that he did not file an administrative remedy procedure request regarding the conditions of his confinement in segregation. Nothing offered by plaintiff serves to excuse his failure to exhaust administrative remedies.

      Accordingly, having found no genuine dispute of material fact concerning the exhaustion of administrative remedies, defendants' motion for summary judgment shall be granted.


<u>July 24, 2007</u>                                                       __/s/_____
Date                                                                   J. Frederick Motz
                                                                      United States District Judge